# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TERRI LATONIK,

       **Plaintiff,**

v.                                    **Case No:  6:14-cv-1793-Orl-28KRS**

FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
BREVARD COUNTY, and SCOTT
ELLIS,

       **Defendants.**

_____

## ORDER

Plaintiff, Terri Latonik, alleges that Defendants, the Florida Department of Highway Safety and Motor Vehicles (DHSMV), Brevard County, and Scott Ellis ("the Clerk") in his official capacity as Clerk of the Circuit and County Courts for Brevard County, violated her state and federal constitutional rights by suspending her driver's license and reporting her unpaid legal financial obligations to collection agencies.  Brevard County and the Clerk ("Moving Defendants") filed a Motion to Dismiss, or in the Alternative, to Strike.  (Doc. 5). Plaintiff has not responded to the motion.  Because Plaintiff fails to state a claim on which relief can be granted against Moving Defendants, the motion to dismiss must be granted.

I.      **Background[1]**

"Plaintiff was convicted of a number of misdemeanors and/or felonies" between 2006 and 2011.  (Compl., Doc. 2, ¶ 22).  As a result of these convictions, she was ordered

_____

[1] The Background section contains facts as stated in the Complaint and accepted as true for purposes of the motion to dismiss.

to pay court costs and fines of $6,700.00. (Id. ¶¶ 1-2, 23). When Plaintiff did not pay these legal financial obligations, (id. ¶ 24), DHSMV suspended her driver's license, (id. ¶¶ 5, 26). The Clerk referred the uncollected debt to a collection agency, which charged Plaintiff a collection fee,[2] (id. ¶¶ 49, 57); Plaintiff now owes $9,221.00, (id. ¶ 3). DHSMV and the Clerk took these actions without inquiring into Plaintiff's ability to pay. (Id. ¶¶ 4, 5, 48, 58).

Plaintiff sued, alleging that section 28.246(6), Florida Statutes, which allows collection agents to collect court costs and fines and charge a fee of up to forty percent, is unconstitutional. (Id. ¶¶ 3, 9). Plaintiff alleges that Defendants'[3] actions of suspending her driver's license and referring her legal financial obligations to collection agencies violate her rights to due process and equal protection under the Florida and U.S. Constitutions. Plaintiff brings five counts: (1) violation of substantive due process under the Florida Constitution; (2) violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; (3) violation of equal protection under the Florida Constitution; (4) violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; and (5) "a declaration that Fla. Stat. § 28.246(6) is unconstitutional," (id. ¶ 73). Moving Defendants' motion to dismiss (Doc. 5) is now before the Court.

## II.    Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

---

[2] Pursuant to Florida law, a clerk of court "shall" pursue the collection of court fees and costs that remain unpaid after ninety days by referring the fees to a private attorney or collection agent. § 28.246(6), Fla. Stat. Collection agents or attorneys may charge up to forty percent of the amount owed as a fee. Id.

[3] Plaintiff does not state which Defendants she sues for which counts. The Court reads the Complaint as attempting to bring all counts against all Defendants.

"'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### III.   Statute of Limitations

Moving Defendants argue that the Complaint must be dismissed because Plaintiff's claims are barred by the statute of limitations. (Mot. Dismiss at 4-5). "A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (alterations in original) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)). Thus, at the motion-to-dismiss stage, a case may only be dismissed on statute of limitations grounds "if it is apparent from the face of the complaint that the claim is time-barred." Id. (internal quotation marks omitted).

Plaintiff brings her federal claims pursuant to 42 U.S.C. § 1983, which has no statute of limitations. Allen v. King, 279 F. App'x 847, 848 (11th Cir. 2008) (per curiam); see also Owens v. Okure, 488 U.S. 235, 239 (1989). Statutes of limitations for § 1983 claims are decided by the law of the forum state, and in Florida, a four-year statute of limitations applies. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); City of Hialeah v. Rojas,

3

311 F.3d 1096, 1103 n.2 (11th Cir. 2002); see also Owens, 488 U.S. at 250; § 95.11, Fla. Stat.  A cause of action under § 1983 "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell, 340 F.3d at 1283.  Plaintiff's claims under the Florida Constitution are also subject to a four-year statute of limitations.  See § 95.11, Fla. Stat.

Plaintiff filed the Complaint in state court on August 25, 2014.  The question is whether Plaintiff "knew or should have known" about the alleged violations as of four years prior to the filing of the Complaint.  Plaintiff does not allege when her unpaid legal financial obligations were referred to debt collectors or when she learned of the referral.  (See Compl.).  Plaintiff alleges that "[o]n or about March 29, 2007, the [DHSMV] initially suspended Plaintiff's driver's license," (id. ¶ 26), but she does not allege when she learned of the suspension.  In fact, Plaintiff alleges that DHSMV did not send her notice regarding the suspension.  (Id. ¶¶ 5, 34).  It is thus not clear from the face of the Complaint whether Plaintiff knew by August 25, 2010—four years before she filed the Complaint—that her license would be suspended and her legal financial obligations would be referred.

Moving Defendants argue, however, that Plaintiff should have known about these events because they occurred as the result of Florida statutes that were passed more than four years prior to the filing of the Complaint and because an individual has constructive notice of statutes.  (Mot. Dismiss at 4-5 (citing City of W. Covina v. Perkins, 525 U.S. 234, 241 (1999), and State v. Beasley, 580 So. 2d 139, 142 (Fla. 1991)).  But, these cases address the notice and hearing necessary to provide due process, not what constitutes knowledge for purposes of the statute of limitations.  Because it is not apparent from the

face of the Complaint that Plaintiff knew or should have known about the alleged violations before August 25, 2010, the Court cannot conclude at the motion-to-dismiss stage that Plaintiff's claims are time-barred.

## IV.    Federal Due Process Clause

Plaintiff brings her first federal claim in Count Two of the Complaint, in which she alleges a violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. She alleges that the Clerk "failed to provide Plaintiff with notice, and/or an opportunity to be heard, prior to referring Plaintiff's [legal financial obligations] to a collection agency," and failed to inquire about Plaintiff's ability to pay. (Compl. ¶¶ 57-58). She also alleges that DHSMV failed to provide her with notice or an opportunity to be heard regarding the suspension of her driver's license. (Id. ¶ 59).

A claim for a procedural due process violation "'requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)). The first item for analysis, then, is whether Plaintiff sufficiently alleges that she was deprived of a constitutionally-protected interest.

Plaintiff claims that she has a "property interest in a driving license and lawful driving," (Compl. ¶ 39), and, indeed, a state's suspension of a driver's license pursuant to statute implicates a property interest under the Due Process Clause, Mackey v. Montrym, 443 U.S. 1, 10 & n.7 (1979). Plaintiff, however, does not allege in Count Two that Moving Defendants violated her rights to due process in connection with the suspension of her driver's license. (See Compl.). Instead, she alleges that DHSMV violated her rights by suspending the license, (see, e.g., id. ¶¶ 25, 26, 33-35, 40, 51, & 59), after receiving notice

5

from the Clerk that her legal financial obligations were unpaid, (id. ¶ 25).   Plaintiff's allegations with respect to Moving Defendants[4] focus on the referral of her legal financial obligations to a collection agency. (See, e.g., id. ¶¶ 27, 29, 49, & 57).

Plaintiff does not specifically allege that the referral of her legal financial obligations infringed upon her property interest.  She provides no authority supporting her claim that this referral implicates a property interest, and the Court's research has revealed no such authority.  Other courts' holdings regarding similar issues suggest that Plaintiff does not state a due process violation.  See Games v. Cavazos, 737 F. Supp. 1368, 1380-82 (D. Del. 1990) (finding that while the plaintiff had a property interest in a tax refund, "the use of collection agencies" to receive responses to a loan collection letter was not a due process violation); Williams v. Farrior, 334 F. Supp. 2d 898, 904 (E.D. Va. 2004) (holding that a prison payment plan addressing prisoners' legal financial obligations was not a violation of due process).  While the actual charging of a collection fee—rather than mere referral to a collection agency—may implicate a property interest, Plaintiff alleges that the collection fee was charged by a private collection agency, not by Moving Defendants.  (See Compl. ¶ 31).  Any contention that Moving Defendants' mere referral of legal financial obligations without inquiring into her ability to pay was a violation of her property interest lacks legal support.  For these reasons, Count Two must be dismissed as to Moving Defendants.

---

[4] As Moving Defendants note, (Mot. Dismiss at 13-14), Plaintiff makes no allegations against Defendant Brevard County in any enumerated count of the Complaint.  (See Compl.).  This omission provides another basis for dismissal of the Complaint against the County, but as detailed above, even if Plaintiff's allegations toward the Clerk were also directed toward the County, the Complaint would be dismissed as to both Moving Defendants.

6

## V.   Due Process under the Florida Constitution

Count One alleges a violation of substantive due process under article I, section 9 of the Florida Constitution, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law." Art. I, § 9, Fla. Const.  Plaintiff alleges that section 28.246(6), Florida Statutes, "is fundamentally unfair and arbitrary in that it directs the CLERK to refer unpaid [legal financial obligations] to debt collection agencies and/or attorneys" and because it allows those agencies and attorneys to charge a forty percent collection fee "without any inquiry into the debtor's ability to pay." (Compl. ¶ 48).  Plaintiff also alleges that the Clerk referred her unpaid legal financial obligations to debt collectors, resulting in collection fees that she is unable to pay due to her indigence.  (Id. ¶¶ 49-50).  Finally, Plaintiff alleges that DHSMV's suspension of her driver's license violates due process under the Florida Constitution.  (Id. ¶ 51).

If the law or regulation at issue does not implicate a fundamental right or affect a suspect class, it should be analyzed under a "rational basis" standard. See Fla. High Sch. Activities Ass'n, Inc. v. Thomas, 434 So. 2d 306, 308 (Fla. 1983).  "Under a 'rational basis' standard of review a court should inquire only whether it is conceivable that the regulatory classification bears some rational relationship to a legitimate state purpose." Id.  The law must be sustained if the party challenging the law does not meet the burden of showing "that there is *no* conceivable factual predicate which would rationally support the classification under attack." Id.

As in Count Two, Count One does not allege that Moving Defendants suspended Plaintiff's driver's license.  Even if Plaintiff did adequately allege that Moving Defendants were involved in the suspension of her license, Florida courts have held that statutes providing for the revocation of a driver's license for a variety of reasons are not violative of

due process under the Florida Constitution. See Lite v. State, 617 So. 2d 1058, 1060 (Fla. 1993) ("[D]riving is a privilege, and the privilege can be taken away or encumbered as a means of meeting a legitimate legislative goal."); see also Borden v. State, 993 So. 2d 131, 132 (Fla. 4th DCA 2008).

With regard to the financial obligations, Florida courts have found that the imposition of costs and fees against individuals convicted of criminal offenses is not a violation of due process under the Florida Constitution. Ilkanic v. City of Fort Lauderdale, 705 So. 2d 1371, 1372 (Fla. 1998) (holding that a statute that imposes "per diem charges against convicted prisoners as reimbursement for the costs of incarceration" is constitutional); see also Goad v. Fla. Dep't of Corr., 845 So. 2d 880, 885-86 (Fla. 2003). A determination of the defendant's ability to pay is only necessary when the state seeks to enforce the collection of costs through the threat of imprisonment. See State v. Beasley, 580 So. 2d 139, 142 (Fla. 1991) (noting agreement with United States v. Pagan, 785 F.2d 378, 381 (2d Cir. 1986)); Pagan, 785 F.2d at 382 ("As is true for the assessments themselves, the mere imposition of interest against an indigent defendant raises no constitutional problems. It is at the point of enforced collection of the principal or additional amounts, where an indigent may be faced with the alternatives of payment or imprisonment, that he may assert a constitutional objection on the ground of his indigency." (citation and internal quotation marks omitted)); United States v. Cooper, 870 F.2d 586, 586 (11th Cir. 1989) (adopting the reasoning of Pagan). Importantly, Plaintiff presents no authority that indicates that the assessment of these financial obligations or their referral to a collection agency when they went unpaid is a violation of due process under the Florida Constitution. Moreover, the referral of unpaid legal financial obligations to collection agencies bears a rational

relationship to the legitimate state purpose of recouping the costs associated with crimes and their prosecution.   Accordingly, Count One must be dismissed as to Moving Defendants.

## VI.   Equal Protection Claims

Plaintiff brings claims for violation of equal protection under the Florida Constitution (Count Three) and the U.S. Constitution (Count Four).  (Compl. ¶¶ 61-71).  These Counts do not allege any actions by Moving Defendants.  (See id.).  Additionally, these counts appear to be based on the suspension of Plaintiff's license.  As discussed above, Plaintiff does not allege that Moving Defendants suspended her license.  Accordingly, Plaintiff does not state a cognizable equal protection violation against Moving Defendants, and Counts Three and Four must be dismissed as to Moving Defendants for failure to state a claim.

## VII.   Conclusion

For the reasons stated herein, Plaintiff fails to state a claim for relief on Counts One-Four[5] against Moving Defendants.  Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Defendants Brevard County and Scott Ellis's Motion to Dismiss, or in the Alternative to Strike (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**.  To the extent the motion seeks dismissal of the Complaint against Moving Defendants, it is granted.  To the extent it seeks to strike the Complaint, it is denied as moot.

---

[5] While Moving Defendants argue that section 28.246(6), Florida Statutes, is constitutional, they do not directly argue that Count Five should be dismissed.  For the first time in the Complaint, Count Five contains allegations of the Clerk's role in the suspension of driver's licenses. (Compl. ¶¶ 78-79).  However, the same reasons mandating dismissal of Counts One-Four against Moving Defendants apply to Count Five.  In addition, Count Five does not state a claim for relief because, like the rest of the Complaint, it is an impermissible shotgun pleading and does not clarify whether Plaintiff seeks to declare the statute unconstitutional under the U.S. Constitution, the Florida Constitution, or both.

2.     The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendants Brevard County and Scott Ellis.

3.     Plaintiff Terri Latonik may file an amended complaint **on or before Monday, January 5, 2015**.   Failure to file an amended complaint by this deadline will result in dismissal of the claims against Defendants Brevard County and Scott Ellis with prejudice.

**DONE** and **ORDERED** in Orlando, Florida, on December 11th, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

10