UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRI LATONIK,

        Plaintiff,

v.                                                                            Case No: 6:14-cv-1793-Orl-28KRS

FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
BREVARD COUNTY, and SCOTT
ELLIS,

        Defendants.

# ORDER

Plaintiff, Terri Latonik, sues Defendant, Florida Department of Highway Safety and Motor Vehicles (DHSMV), alleging that its suspension of her driver's license for failure to pay court costs violates her state and federal constitutional rights. (Compl., Doc. 2). DHSMV filed a motion to dismiss Plaintiff's complaint. (Doc. 11). Because Plaintiff does not state a claim upon which relief can be granted, DHSMV's motion must be granted.

I.  **Background**[1]

Plaintiff was unable to pay court costs and fines that were imposed against her as a result of criminal convictions. (Compl. ¶¶ 1-2, 22-24). Because she did not pay, DHSMV suspended her driver's license. (Id. ¶¶ 5, 25-26). Plaintiff sued DHSMV, alleging that its actions violated her rights to due process and equal protection under the Florida and U.S.

---

[1] The Background section contains facts as stated in the Complaint and accepted as true for purposes of the motion to dismiss. The facts in this case were set forth in this Court's previous ruling on the other Defendants' motion to dismiss, (Order, Doc. 10, at 1-2), and only a brief recitation of the facts relevant to this Defendant is necessary here.

Constitutions. The case was filed in state court and later removed to this Court. (Notice of Removal, Doc. 1).

The other Defendants in this case, Brevard County and Scott Ellis, filed a motion to dismiss (Doc. 5), which the Court granted on December 11, 2014, (Order, Doc. 10). The Court held that although it could not be concluded at the motion-to-dismiss stage that the statute of limitations bars Plaintiff's claims, (Doc. 10 at 5), Plaintiff failed to state a claim against those Defendants on any count, (id. at 5-9).[2] After removal of this action to federal court, DHSMV filed a motion to dismiss in the state court proceeding. (See Doc. 11 at 2; Doc. 11-1). DHSMV subsequently filed a motion to dismiss in this Court. (Doc. 11). Plaintiff has not responded.

## II.   Motion to Dismiss Standards

A claim may be dismissed based on a plaintiff's "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial

---

[2] In addition to addressing the merits of the claims, the Court also noted that the Complaint was an impermissible shotgun pleading and could be dismissed on those grounds. (Doc. 10 at 9 n.5). In the instant motion, DHSMV does not argue for dismissal on this basis. Accordingly, the Court addresses the Complaint's allegations against DHSMV on their merits.

plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### III. Statute of Limitations

DHSMV first argues that the Plaintiff's claims "raised outside of the applicable four (4) year statute of limitations, (August 25, 2010) . . . are barred by the statute of limitations." (Doc. 11 at 5). DHSMV fails to recognize that the Court already ruled regarding the statute of limitations. (See Doc. 10 at 3-5). In its prior Order, the Court held that "[b]ecause it is not apparent from the face of the Complaint that Plaintiff knew or should have known about the alleged violations before August 25, 2010, the Court cannot conclude at the motion-to-dismiss stage that Plaintiff's claims are time-barred." (Doc. 10 at 4-5). DHSMV does nothing to distinguish its own situation from that of the other Defendants already addressed by the Court.[3] At the motion-to-dismiss stage, the Court cannot conclude that any of Plaintiff's claims are time-barred.

### IV. Federal Claims

Plaintiff brings two federal claims—a violation of the Due Process Clause (Count Two) and a violation of the Equal Protection Clause (Count Four) of the United States Constitution. Plaintiff brings each of these claims under 42 U.S.C. § 1983. These counts

---

[3] DHSMV relies on two cases for the assertion that licensed drivers are deemed to have constructive knowledge of statutes. (Doc. 11 at 4 (citing City of W. Covina v. Perkins, 525 U.S. 234, 241 (1999), and State v. Beasley, 580 So. 2d 139, 142 (Fla. 1991))). DHSMV fails to note that the Court already specifically ruled that "these cases address the notice and hearing necessary to provide due process, not what constitutes knowledge for purposes of the statute of limitations." (Doc. 10 at 4).

3

fail as to DHSMV. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). This rule also applies to state agencies. Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1524 (11th Cir. 1995); McGuire v. Fla. Lottery, 520 F. App'x 850, 851 (11th Cir. 2013). DHSMV is a department within the executive branch of the state of Florida. See §§ 20.03(2) & 20.24, Fla. Stat. DHSMV is thus a state agency and cannot be sued under § 1983. Counts Two and Four must be dismissed.

## V. Due Process under the Florida Constitution

In Count One, Plaintiff alleges a violation of her substantive due process rights under the Florida Constitution. Specifically, as to DHSMV, she alleges that DHSMV's "suspension and continued suspension of Plaintiff's property—to wit, Plaintiff's driver's license—violates the substantive due process rights secured by the Florida Constitution." (Compl. ¶ 51).

This due process claim is analyzed under a "rational basis" standard. See Lite v. State, 617 So. 2d 1058, 1059 (Fla. 1993). "The test for determining whether a statute . . . violates substantive due process is whether it bears a reasonable relationship to a permissive legislative objective and is not discriminatory, arbitrary, or oppressive." Ilkanic v. City of Fort Lauderdale, 705 So. 2d 1371, 1372 (Fla. 1998); see also Lite, 617 So. 2d at 1059-60. Under rational basis review, the law must be sustained if the party challenging the law does not meet the burden of showing "that there is *no* conceivable factual predicate which would rationally support the classification under attack." Fla. High Sch. Activities Ass'n, Inc. v. Thomas, 434 So. 2d 306, 308 (Fla. 1983) (equal protection).

The only allegations made against DHSMV in this count relate to its suspension of Plaintiff's driver's license. (Compl. ¶ 51). Florida courts have held that statutes providing

for the revocation of a driver's license for a variety of reasons are not violative of due process under the Florida Constitution. See Lite, 617 So. 2d at 1060 ("[D]riving is a privilege, and the privilege can be taken away or encumbered as a means of meeting a legitimate legislative goal."); see also Borden v. State, 993 So. 2d 131, 132 (Fla. 4th DCA 2008). Plaintiff has not supplied the Court with any authority indicating that the law does not bear a rational relationship to a permissible state purpose or that the suspension of her driver's license is a cognizable claim under due process protections of the Florida Constitution. Accordingly, Count One must be dismissed.

VI. **Equal Protection under the Florida Constitution**

In Count Three, Plaintiff alleges that DHSMV's suspension of her driver's license violates her equal protection rights under the Florida Constitution. (Compl. ¶¶ 63-67). Plaintiff contends that DHSMV impermissibly treats her differently based on her inability to pay the costs and fines. (Id. ¶ 64). DHSMV argues in its motion that because Plaintiff fails to establish that indigency is a suspect class under Florida's Equal Protection Clause, a rational basis test applies and thus Plaintiff's claim fails. (Doc. 11 at 8).

Under the Equal Protection Clause of the Florida Constitution, courts generally "uphold legislation that has some rational relationship to a legitimate state purpose, unless the legislation's classification is based on a suspect classification or a fundamental right." City of Miami v. Haigley, 143 So. 3d 1025, 1034 (Fla. 3d DCA 2014) (internal quotation marks and citations omitted). Plaintiff does not allege and cites no authority that this case implicates either a suspect classification or a fundamental right. Indeed, Florida authority indicates that indigency is not a suspect classification. See Renee B. v. State of Fla., Agency for Health Care Admin., 756 So. 2d 218, 221-22 (Fla. 1st DCA 2000). Similarly, "driving is not a fundamental right" under Florida case law. Lite, 617 So. 2d at 1060 n.2;

see also Borden, 993 So. 2d at 132 ("[D]riving is a privilege and not a right, which can be taken away or encumbered as a means of meeting a legitimate legislative goal." (internal quotation marks omitted)). Accordingly, rational basis review is proper.

To show a violation of Florida's equal protection provision under rational basis review, a plaintiff must "show that (1) [the plaintiff was] treated differently under the law from similarly situated persons, (2) that the statute intentionally discriminates against [the plaintiff], and (3) that there was no rational basis for the discrimination." Samples v. Fla. Birth-Related Neurological, 40 So. 3d 18, 23 (Fla. 5th DCA 2010). "This burden is a heavy one, with any doubts being resolved in favor of the statute's constitutionality." Id. Plaintiff does not provide authority or argument that there is no rational basis for the law in question. Additionally, Plaintiff does not articulate how the state treats her differently under the law. Although she contends that she is treated differently based on her economic status, according to the Complaint all individuals, regardless of economic status, suffer the same consequences under Florida law for outstanding court costs and fines. (Compl. ¶ 25 ("[DHSMV] automatically suspends the license without inquiring about the driver's present ability to pay the [costs] . . . .")). Plaintiff fails to set forth facts or authority supporting an equal protection violation. Thus, Count Four must be dismissed.

VII. **Declaratory Relief**

In Count Five, Plaintiff also seeks a declaration that section 28.246(6), Florida Statutes, is unconstitutional. (Compl. ¶¶ 72-83). This provision directs clerks of court to follow certain procedures for pursuing the collection of unpaid fees. § 28.246(6), Fla. Stat. The statute does not refer to or implicate DHSMV, and the allegations in Count Five do not directly allege any action by DHSMV. Accordingly, Count Five does not state a claim against DHSMV and must be dismissed.

**VIII.   Conclusion**

Because Plaintiff has failed to state a claim upon which relief can be granted,[4] DHSMV's motion to dismiss must be granted.  However, Plaintiff will be given an opportunity to amend.  Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion to Dismiss (Doc. 11) filed by Defendant Florida Department of Highway Safety and Motor Vehicles is **GRANTED**.

2. The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Florida Department of Highway Safety and Motor Vehicles.

3. Plaintiff Terri Latonik may file an amended complaint stating a cause of action against Florida Department of Highway Safety and Motor Vehicles **on or before Wednesday, March 4, 2015**.  Failure to file an amended complaint by this deadline will result in dismissal of this case with prejudice.

**DONE** and **ORDERED** in Orlando, Florida, on February ___, 2015.

---
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[4] DHSMV also contends that this case should be dismissed because Plaintiff failed to avail herself of an adequate remedy of law.  (Doc. 11 at 5 (citing § 322.31, Florida Statutes, and Fla. R. App. P. 9.100(c)(1))).  Because dismissal is warranted for the reasons stated in text, the Court does not address this argument.